UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROBERT SOLO and ELENA BOURYGINA, | ) ) ) | |
| | ) | 3:24-CV-00294-DCLC-CRW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BALL HOMES LLC, | ) ) ) | |
| Defendant. | | |

**MEMORANUDM OPINION AND ORDER**

This matter came before the Court on Plaintiffs' Motion for Preliminary Injunction. [Doc. 13]. The Court conducted an evidentiary hearing on the motion on February 25, 2025. For the reasons stated on the record at the conclusion of the hearing and detailed in this order, the Motion [Doc. 13] is **DENIED**.

The party requesting a preliminary injunction must prove that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). For the Court to issue a preliminary injunction, the movant must demonstrate that the following factors weigh in their favor: (1) the likelihood of success on the merits of the underlying claims; (2) that the movant would suffer an irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

These factors are often referred to as a balancing test, because courts generally must weigh the strength of the factors against one another. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th

1

Cir. 2019). The standard is not a true balancing test, though, because the second factor—irreparable injury absent an injunction—*must* be present for the Court to issue an injunction. *Id.* at 326–27.

On the first factor, the Court previously found that Plaintiffs are likely to succeed on the merits of at least some of their claims. [Doc. 9]. Neither party put on any evidence at the hearing that would cause the Court to disturb that finding.

On the second factor, Sixth Circuit case law is clear that Plaintiffs *must show* that they will likely suffer an irreparable injury if the Court does not grant the injunction. Plaintiffs have a high burden here. They cannot rely "merely on unsupported allegations," and they must come forward with more than "scant evidence" to substantiate the allegations of irreparable harm. *Doe # 11 v. Lee*, 609 F. Supp. 3d 578, 592 (M.D. Tenn. 2022). Not all harms—even if they're substantial, severe, or even outrageous—are *irreparable* harms. Irreparable harms are those that cannot be compensated for with money, or those harms that occur where it would be difficult to calculate damages. *See Overstreet*, 305 F.3d at 578; *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Plaintiffs put on no evidence at the hearing that demonstrated a truly irreparable harm in this case. In their motion, Plaintiffs alleged that the flow of water onto the property could structurally damage their land or destroy their home. But at the hearing, there was no testimony or evidence that the flow of water could destroy the home or land. And none of the declarations or exhibits filed with the Court show that there is a substantial likelihood that the home or property are at risk of being destroyed.

Instead, the kinds of damage that Plaintiffs alleged—potential for mold and cracks in the foundation, and damage to the driveway—can be fully compensated with monetary damages. Those harms are not irreparable because the damage to his property can be calculated, and if they

2

prevail on the merits of their claims, Plaintiffs can put on evidence regarding the monetary value of the damage to their property.

Plaintiffs put on some evidence that the flow of water onto their property creates dangerous conditions, like ice and slick surfaces. These conditions may create a risk of harm, but the standard requires Plaintiffs to show a harm that is "actual and imminent." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The potential for ice on the driveway Plaintiff testified about is too speculative to meet this standard. Even if the Court assumes that their driveway will have ice covering it, the harms that might result are too speculative to be considered imminent. Moreover, at the hearing, Plaintiff testified that after the recent winter storm which dropped snow and ice on the Plaintiffs' property, he was able to shovel all the snow and ice off his driveway permitting him to access and use his property without limitation. Thus, further snowstorms are not likely to cause an irreparable injury.

The Court asked Plaintiff specifically what he wanted the Court to order Defendant to do. He testified that he wanted the Court to enter a preliminary injunction requiring Defendant to fix a "control valve" in the drain basin. The problem with this limited injunction is that there is no such thing. The design engineer who developed the storm drainage system for this project testified that the drainage basin had no such mechanical valve. Because the injunctive relief requested is impossible, Plaintiffs cannot be irreparably damaged by its absence.

Finally, at the hearing, there was testimony that Defendant has proposed a drainage system to Plaintiff that would address any water accumulation on Plaintiffs' property. Plaintiff Solo testified that the proposed drainage system would work to alleviate the water problem on his property. But Solo did not want the Court to order Defendant to implement the plan—even at Defendant's expense. Instead, he voiced concerns about an easement and how he wanted more

3

time to negotiate with Defendant for money to settle this case. The only plan presented to resolve the water issue Plaintiff does not want the Court to consider.

For these reasons, Plaintiffs have not met their high burden to show that they will suffer an irreparable harm if the Court does not issue an injunction. Because this requirement is indispensable the Court must deny the Motion for Preliminary Injunction. [Doc. 13].

Accordingly, Plaintiffs' Motion for Preliminary Injunction [Doc. 13] is **DENIED.**

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge